```
              IN THE UNITED STATES DISTRICT COURT
                 DISTRICT COURT OF NEW JERSEY

HARRY PARKIN,                    :    HONORABLE JOSEPH E. IRENAS
                                 :
          Petitioner,            :    CIVIL ACTION. NO. 10-3582(JEI)
                                 :
     v.                          :
                                 :            OPINION
UNITED STATES OF AMERICA,        :
                                 :
          Respondent.            :
```

**APPEARANCES:**

WILENTZ, GOLDMAN & SPITZER P.A.
By: Darren Gelber, Esq.
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, New Jersey 07095
      Counsel for Petitioner

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Glenn J. Moramarco, Assistant United States Attorney
Federal Building and U.S. Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101
      Counsel for Respondent

**IRENAS**, Senior District Judge:

Before the Court is Petitioner Harry Parkin's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255"). Parkin's core argument is that he was convicted under a theory of honest services fraud which the Supreme Court later held unconstitutionally vague. *See Skilling v. United States,* 130 S.Ct. 2896 (2010). However, for the reasons set forth below, Parkin cannot overcome the procedural hurdles in his path to habeas relief. *See generally United*

*States v. Frady,* 456 U.S. 152, 166 (1982) ("to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."). Accordingly, the Motion will be denied without an evidentiary hearing.[1]

## I.

After a jury trial lasting six weeks, on March 21, 2005, Petitioner Harry Parkin was convicted on all counts of the thirteen-count indictment against him. Specifically, the Indictment charged Parkin with twelve counts of mail fraud, in violation of 18 U.S.C. § 1341 and 1346, for participating in a scheme to defraud the public of his honest services in his role as Chief of Staff to the Mercer County Executive. (Indictment, p. 1-30). The thirteenth count charged Parkin with attempted extortion under color of official right and wrongful use of fear of economic harm in violation of the Hobbs Act, 18 U.S.C. § 1951. (Indictment, p. 33).

At trial, the Government's case had three components. The evidence established that Parkin (1) used his official position to obtain contracts for companies owned and operated by Alex Abdalla, Parkin's business partner, thereby advancing Parkin's own financial interests; (2) obtained an ownership interest in

---

[1] Also pending is Parkin's unopposed Motion to file an overlength brief. That Motion will be granted.

Central Jersey Waste & Recycling ("CJW&R") under color of official right and induced by wrongful use of fear of economic harm, and (3) took affirmative steps to conceal material information concerning his financial interests in CJW&R from other government officials and the public.[2]

Parkin was sentenced on August 30, 2005 to a term of imprisonment of 90 months on Count 13 (attempted extortion in violation of the Hobbs Act), and 60 months on each of Counts 1 through 12 (honest services fraud), to be served concurrently; as well as three years supervised release on each count, to be served concurrently.[3]

Parkin filed his notice of appeal on September 1, 2005.  He argued that his conviction should be overturned for three reasons.  First, Parkin argued that the District Court erred in granting his request to represent himself at trial.[4]  *United States v. Parkin*, 319 F. App'x at 106.  Second, Parkin argued that the District Court erred in denying Parkin's motion for judgment of acquittal on all thirteen counts based on legal

---

[2] A more detailed discussion of the facts of this case may be found at *United States v. Parkin*, 319 F. App'x 101 (3d Cir. 2009).

[3] According to the Bureau of Prisons' website, Parkin has completed his term of imprisonment and is on supervised release.

[4] Parkin, a former Mercer County prosecutor, represented himself at the trial after the Court denied his request for hybrid representation.

insufficiency of the evidence.  *Id.* at 107.  Third, Parkin argued that the District Court erred in calculating Parkin's sentencing guideline range and that the ultimate sentence imposed was unreasonable.  *Id.* at 110.  The Third Circuit found no error and affirmed Parkin's conviction on April 1, 2009.  *Id.* at 103.

Parkin filed the instant Petition and Motion on July 16, 2010.

## II.

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also* Rules Governing § 2255 Cases, Rule 1(a).  Thus, Parkin is entitled to relief only if he can establish that he his in custody in violation of federal law or the Constitution.

A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas motion under § 2255. *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to

4

relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations.  *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files and records, 'show conclusively that the movant is not entitled to relief.'" *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *Forte*, 865 F.2d at 62.

### III.

The clear impetus for the instant Motion was the Supreme Court's decision in *Skilling v. United States*, wherein the Supreme Court narrowed the reach of 18 U.S.C. § 1346, holding that "§ 1346 criminalizes only fraudulent schemes to deprive another of honest services through bribes or kickbacks."  130 S.Ct. 2896, 2931 (2010).  Indeed, the standard statute of limitations, 28 U.S.C. § 2255(f)(1), had expired before Parkin filed the instant petition.  However, relying on § 2255(f)(3), Parkin asserts (and the Government does not dispute) that his petition is timely because it was filed within one year of the *Skilling* decision.[5]

---

[5] Section 2255(f)(3) states that the one year statute of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has

But as noted above, Parkin was not only convicted of honest services fraud. He was also convicted of attempted extortion in violation of the Hobbs Act, and sentenced to 90 months imprisonment on just that count of the Indictment (Count 13). (Judgment of Conviction, p. 2)  This fact is crucial. Only if Parkin succeeds in getting his attempted extortion sentence vacated will the Court reach the core *Skilling* issue, because Parkin's 60-month sentence as to the honest services fraud counts ran concurrently to his 90-month sentence for attempted extortion. Thus, the Court turns to the parties' arguments regarding the attempted extortion conviction.

**A.**

Parkin asserts that his attempted extortion conviction must be vacated because of "prejudicial spillover from the invalid [honest services fraud] counts." (Moving Brief, p. 93) According to Parkin, "the flood of damaging evidence and argument regarding [his] ethical breaches and self-dealing undeniably 'spilled over,' saturating the remaining extortion count, to which this abundant and prejudicial evidence was otherwise

---

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Because the Government does not argue that Parkin's Petition is time-barred, and in light of the disposition of the instant Motion, the Court will assume without deciding that *Skilling* is retroactively applicable to cases on collateral review.

6

inadmissible." (Id. p. 94)

In opposition, the Government argues that Parkin's procedural default on this claim cannot be excused. The Court agrees.

Parkin did not raise the prejudicial spillover argument at trial or on direct appeal.[6] Therefore, before this Court may reach the merits of the argument, Parkin must establish either cause and actual prejudice, or actual innocence. *See United States v. Frady*, 456 U.S. 152, 168 (1982).

While Parkin argues that he is actually innocent of the honest services fraud counts, he does not argue that he is actually innocent of the attempted extortion count. Therefore, Parkin must establish cause and prejudice before the Court may even consider the merits of his attack on the attempted extortion conviction.

"To establish 'cause' for procedural default, a defendant

---

[6] Parkin asserts that his arguments before the trial court and the Court of Appeals that "the evidence was insufficient to establish honest services mail fraud," *U.S. v. Parkin*, 319 F. App'x 101, 108 (3d Cir. 2009), demonstrates that he did not procedurally default on his *Skilling* challenge. But nothing in the record shows that Parkin ever mounted a constitutional challenge to the honest services fraud counts. His arguments as to the sufficiency of the evidence implicitly assumed the legal validity of an undisclosed self-dealing theory of honest services fraud.
  Moreover, even if the Court were to accept Parkin's argument that he raised the *Skilling* issue, nothing in the record demonstrates that he argued that the alleged taint from the invalid honest services fraud counts spilled over to the extortion count.

7

must show that 'some objective factor external to the defense impeded counsel's efforts to raise the claim.'" *U.S. v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (quoting *McClesky v. Zant*, 499 U.S. 467, 493 (1991)).  "Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel."  *Id.* (internal citations and quotations omitted).

Parkin makes two "cause" arguments.  First, he asserts that the failure to raise the *Skilling* argument, and presumably the attendant spillover argument, was the result of ineffective assistance of counsel.  According to Parkin, his appellate counsel should have argued that the honest services fraud convictions were constitutionally infirm and that the prejudicial spillover from those counts required reversal of the extortion count as well.

At the time of Parkin's appeal (and his trial), however, an undisclosed self-dealing theory of honest services fraud was legally valid in this Circuit.  *See, e.g., United States v. Panarella,* 277 F.3d 678 (3d Cir. 2002)*; United States v. Antico,* 275 F.3d 245 (3d Cir. 2001).[7]  Thus, Parkin essentially argues

---

[7] *See also United States v. Riley*, 621 F.3d 312, 322-23 (3d Cir. 2010) (observing that "[t]he law of this circuit, prior to *Skilling*," was that honest services fraud "[did] not require a

that his appellate counsel was ineffective for failing to raise a constitutional challenge to a theory of honest services fraud that was accepted law at the time.[8]

However, the Third Circuit has explained that appellate counsel "has no duty to raise every possible claim on appeal," and particularly significant to this case, "in making litigation decisions, there is no general duty on the part of defense counsel to anticipate changes in the law." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). Thus, in *Sistrunk*, the Third Circuit held that appellate counsel did not transgress *Strickland's*[9] standards by failing to anticipate the change in the law effected by *Batson v. Kentucky*, 471 U.S. 1052 (1985). The Court said,

> [w]hile we do not dispute that there were criminal defense lawyers who . . . predicted that a case like *Batson* might be decided as it was, we decline to hold that the performance of petitioner's appellate counsel was constitutionally deficient because she did not find the likelihood of that eventuality sufficient to alter her appellate advocacy strategy.

*Sistrunk*, 96 F.3d at 672.

---

scheme to defraud another to obtain money or property, and could instead be based on a violation of a duty of honest, faithful, disinterested service.").

[8] The Supreme Court granted Skilling's petition for a writ of certiorari six months after the Third Circuit affirmed Parkin's convictions. *See Skilling v. United States*, 130 S.Ct. 393 (2009).

[9] *Strickland v. Washington*, 466 U.S. 668 (1984).

9

This case is analogous to *Sistrunk*.[10] Accordingly, Court holds that Parkin's counsel was not constitutionally defective for failing to raise the *Skilling* issue and the attendant spillover argument. Parkin's first "cause" argument fails.

Parkin alternatively argues in a footnote that he can establish "cause" because the claim he asserts now was so novel at the time of his trial and appeal that its legal basis was not reasonably available to counsel. *See Bousley v. United States,* 523 U.S. 614, 622 (1998) ("a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default.") (internal citation and quotation omitted). However, *United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003)(en banc) *cert. denied* 543 U.S. 809 (2004), belies this assertion. The very first sentence of that opinion reads: "[w]e agreed to rehear this case in banc in order to consider whether 18 U.S.C. § 1346 . . . is unconstitutionally vague." *Id.* at 126. While *Rybicki* held that the statute was not unconstitutionally vague, the relevant fact is that the argument was clearly raised and extensively analyzed and therefore was not

---

[10] *Sistrunk* is somewhat different from this case in that *Batson* overturned a previous Supreme Court case, *Swain v. Alabama*, 380 U.S. 202 (1965), whereas *Skilling* did not. While one might argue that appellate counsel's judgment call as to whether to raise the constitutional challenge would have been a closer call in Parkin's case (because there was no controlling Supreme Court precedent on the issue) the decision was still one on which competent counsel might reasonably disagree.

novel.[11]  Indeed, four judges dissented from the majority opinion in *Rybicki*, concluding that § 1346 was unconstitutionally vague on its face.  *Id.* at 155-65.[12]

Thus, even before Parkin was indicted, a ready-made argument as to § 1346's unconstitutionality-- in the form of the *Rybicki* dissent-- was available to him.  Therefore, the legal basis for his claim he asserts here was not novel, and could have been raised at trial or on appeal.[13]

---

[11] *Rybicki* contained the most extensive discussion of the issue, but other defendants had also argued that § 1346 was unconstitutionally vague.  *See United States v. Welch*, 327 F.3d 1081, 1109 n.29 (10th Cir. 2003); *United States v. Hasner*, 340 F.3d 1261, 1268-69 (11th Cir. 2003); *United States v. Easton*, 54 F. App'x 242, 244 (8th Cir. 2002); *United States v. Frost*, 125 F.3d 346, 370-71 (6th Cir. 1997).

[12] Nor would it have been futile to raise the claim in light of the majority holding in *Rybicki* and Third Circuit law embracing the undisclosed self-dealing theory of honest services fraud.  "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."  *Bousley,* 523 U.S. at 622 (internal citation and quotation omitted).

[13] In support of his assertion that the *Skilling* argument was not reasonably available to him, Parkin relies on *Lomelo v. United States*, 891 F.2d 1512 (11th Cir. 1990) and *Dalton v. United States*, 862 F.2d 1307 (8th Cir. 1988) which held that habeas petitioners established cause for their procedural default by demonstrating that their claims marked a departure from otherwise settled law.  These cases, however, predated the Supreme Court's decision in *Bousley* which made clear that the "reasonably available" inquiry focuses on whether the claim was "novel," 523 U.S. at 622, not whether the claim departed from "settled law," *Lomelo*, 891 F.2d at 1515, or broke with "a near-unanimous body of lower court authority," *Dalton*, 863 F.2d at 1312.  *See also United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003) (holding that habeas petitioner had not established cause for failing to raise on direct appeal his argument based on

Seizing on the conceptual tension between his two asserted grounds for cause-- ineffective assistance of counsel and "not reasonably available to counsel"-- Parkin asserts that the Government cannot have it both ways: it cannot be simultaneously true that the *Skilling* argument was not novel, yet his counsel was not constitutionally defective for failing to raise that non-novel argument.

The flaw in this reasoning, however, lies in the difference between *should* and *could*. Whether to raise an argument on appeal is often-- and would have been in Parkin's case-- a matter of strategy (i.e., *should* the argument be raised), *see Sistrunk,* 96 F.3d at 672, but no impediment external to the defense actually prevented the argument from being raised (i.e., *could* the argument be raised), *see Pelullo*, 399 F.3d at 223. Appellate counsel could have read the *Rybicki* dissent and made the objectively reasonable decision not to raise the unconstitutionality of § 1346 in light of the majority opinion in *Rybicki*, and the Third Circuit's opinions in *Panarella* and *Antico* (not to mention the holdings of the cases cited *supra* at n. 11).

Accordingly, the Court holds that Parkin has not established

---

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) because the claim was not novel and therefore not reasonably unavailable to counsel).
     Moreover, in both *Lomelo* and *Dalton*, the petitioners were ultimately denied habeas relief for failing to establish the prejudice prong of the procedural default analysis, thereby rendering the discussions of "cause" merely dicta.

"cause" for failing to argue that the prejudicial spillover from the honest services fraud counts tainted his extortion conviction.  There is no basis for excusing Parkin's procedural default, therefore Parkin's conviction and sentence as to the Hobbs Act violation (Count 13) will not be vacated.

As previously explained, Parkin's sentence as to the honest services fraud convictions (Counts 1 through 12) ran concurrently to the Count 13 sentence, therefore the Court need not consider Parkin's collateral attacks on Counts 1 through 12.

**IV.**

For the reasons set forth above, Parkin's Motion will be denied.  The Court finds that Parkin has not made a substantial showing of the denial of a constitutional right, therefore no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).  An appropriate Order accompanies this Opinion.

Date: October 15, 2012

                                          s/ Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**